IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN MOZER & ASSOCIATES, LTD., an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation, <br><br> Defendant. | No. 14 CV 10264 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

**DEFENDANT'S MOTION *IN LIMINE* # 9: TO BAR TESTIMONY THAT THE EXTRA EXPENSE PROVISION IN GENERAL CASUALTY COMPANY OF WISCONSIN'S POLICY IS AMBIGUOUS**

The Court previously entered a provisional ruling on this motion in limine (Dkt. No. 110). After further oral arguments in open court, however, the prior ruling is amended as follows.

Insofar as Defendant's Motion *in Limine* # 9 seeks to bar testimony that a provision in a Policy is ambiguous, the motion is granted with one exception. Generally, there is no need for any witness to testify as to whether a term is ambiguous, as that is an issue for the Court to decide. For the same reason, there is no need for the attorneys to use the term "ambiguous" in addressing the jury. The Court's instructions will inform the jury as to what it must decide and how it should go about doing so. However, plaintiff intends to offer evidence that defendant's claims adjuster was prevented from making a prompt determination of plaintiff's claim because he found certain provisions of the policy to be ambiguous. According to plaintiff, the resulting delay in adjusting the claim constituted a breach of the contract, aggravated plaintiff's damages, and prevented plaintiff from minimizing damages. In that regard, evidence of the adjuster's statements that he found the policy terms ambiguous may be admitted in order to prove the state of mind of the adjuster, though not as proof that the provisions actually were ambiguous. The Court will give an appropriate limiting instruction if the defendant tenders such.

**Date**: October 12, 2017

**Ronald A. Guzmàn**
**United States District Judge**