IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN MOZER & ASSOCIATES, LTD., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14-cv-10264 |
| GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin corporation, | ) ) ) ) | Hon. Ronald A. Guzman |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR JUDGMENT ON COUNT V PURSUANT TO SECTION 155 OF THE ILLINOIS INSURANCE CODE**

Plaintiff Jordan Mozer & Associations, Ltd. ("Mozer"), by and through its attorneys, hereby moves for judgment in its favor on Count V of Plaintiff's Complaint, pursuant to Section 155 of the Illinois Insurance Code. In support of this Motion, Plaintiff states as follows:

1. This matter was tried before a jury between October 24 and November 2, 2017. The jury returned a verdict in Plaintiff's favor, awarding Plaintiff $1,390,716.64 on Plaintiff's claims for coverage under its insurance policy, including $278,752 for lost business income and $1,111,964.64 for extra expenses.

2. In addition to the claims tried to the jury, Plaintiff has asserted, in Count V of its Complaint, a claim pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS § 5/155. That claim is for the Court to decide and was not submitted to the jury.

3. Section 155 provides in relevant part that:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS § 5/155.

4. In determining whether General Casualty acted vexatiously or unreasonably for purposes of Section 155, the Court should look to the totality of the circumstances. *Valdovinos v. Gasllant Ins. Co.*, 314 Ill. App. 3d 1018, 1021, 733 N.E.2d 886 (2d Dist. 2000). Factors to consider include the insurer's attitude, whether, as here, the insured was forced to sue to recover, and whether, also as here, the insurer offered a unreasonably small amount to settle the claim without an adequate explanation for its position. *Id.*, 314 Ill. App. 3d at 1021-22.

5. The evidence at trial in this case established that General Casualty vexatiously and unreasonably denied and delayed Mozer's claims. Plaintiff's insurance adjusting expert, Edward McKinnon, testified that General Casualty's handling of Mozer's claims fell far below standard customs and practices in the industry and substantially below the standards and practices followed by similarly situated insurance companies.

6. With the extra expense claim in particular, General Casualty acted vexatiously and unreasonably by, for example, telling Mozer repeatedly that its relocation and moving costs were covered under the Policy, and then, **after** Mozer moved, reversing its position and refusing to pay one cent of the relocation expenses or costs to equip and operate the replacement premises. The evidence that General Casualty told Mozer many times its move was covered was undisputed, as was the evidence that, after a nineteen-month review of the claims, General Casualty reneged on its original representations that the claim was covered.

7. Mozer's extra expense claims awarded by the jury clearly fell within the extra expense coverage of the Policy, which provides coverage for any expense incurred to "avoid or minimize the suspension of" Mozer's business and to resume "operations" at replacement premises, "including relocation expenses" and "costs to equip and operate" the replacement premises. The jury agreed as to the bulk of Mozer's claimed expenses, awarding Mozer extra expenses of $1,111,964.64.

8. General Casualty never offered more than $300,000 to settle the business income and extra expense claims combined, and offered no explanation for its unreasonably low offer.

9. General Casualty also delayed Mozer's ability to move and relocate by, for example, insisting that Mozer obtain a sixth estimate for cleaning Mozer's artwork, knowing that the added delay would cause Mozer to lose the chance to relocate to the Washington Street property, which was planned for September 2013. That added delay postponed Mozer's ability to relocate until April/May of 2014.

10. General Casualty caused numerous other delays, including delays caused by General Casualty's insistence on allowing numerous inspections, lasting through February 2014, of Mozer's contaminated space at 320 West Ohio Street, and General Casualty's insistence, in September 2013, that Mozer complete a comprehensive and detailed inventory of more than 64,000 items of artwork.

11. General Casualty's own witness, Thomas Hofbauer, testified that in light of General Casualty's delays, General Casualty agreed that it would be flexible with regard to extra expenses incurred outside of the 12-month limitation period. General Casualty then reneged on that promise as well, and denied Mozer's extra expense claim in its entirety based, among other things, on General Casualty's assertion that some unspecified amount of the extra expenses were "paid" outside of the 12-monthn period.

12. By measuring the timing of the expenses based on when they were "paid" rather than when they were incurred, General Casualty also relied on an improper standard to deny the claim. *Central Contr., Inc. v. Kenny Constr. Co.*, 2015 U.S. Dist. LEXIS 22223, *25 (N.D. Ill. Feb. 25, 2015) ("incur" means to become liable for, and does not require that the expense was "paid"); *Chatham Corp. v. Danns Ins.*, 351 Ill. App. 3d 353, 812 N.E.2d 483, 489 (1st Dist. 2004).

13. General Casualty also used the wrong date of loss, by basing it on when the dust contamination began, March 3, 2013, rather than when it ended on or about April 6, 2013. *Wood v. Allstate Ins. Co.*, 21 F.3d 741, 744 (7th Cir. 1994) ("date of loss" in an insurance policy was ambiguous and must be construed in the insured's favor such that the date of loss was the day the fire was extinguished, not when it started). The result was General Casualty cutting off Mozer's claims after only 11 months.

14. With respect to the extra expenses awarded by the jury, which are Mozer's basic relocation expenses and costs incurred to equip and operate the replacement premises, General Casualty did not establish at trial any legitimate defense to payment based on non-coverage or otherwise.

15. In addition to Mr. McKinnon's testimony regarding General Casualty's sub-standard claim handling in this case, this Court can assess General Casualty's conduct against the Illinois statute governing improper claims practices, 215 ILCS 5/154.6. *Zagorski v. Allstate Ins. Co.,* 2016 IL (App) (5th) 140056, ¶ 26, 54 N.E.3d 296 (court may properly consider improper claims practices outlined in § 154.6 in determining whether insurer acted vexatiously or unreasonably for purposes of § 155). Pursuant to Section 154.6, it is an improper claims practice for an insurance company to knowingly and without just cause commit any of the following:

> c. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;
>
> d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;
>
> e. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; . . .
>
> h. Refusing to pay claims without conducting a reasonable investigation based on all available information; . . .
>
> m. Delaying the investigation or payment of claims by requiring an insured . . . to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification;
>
> n. Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement; . . . or

        r.        Engaging in any other acts which are in substance equivalent to any of the foregoing.

215 ILCS 5/154.6.

        16.        The evidence at trial here established that General Casualty engaged in most or all of the above-listed improper claims practices. It failed to adopt or follow reasonable procedures for the prompt investigation and settlement of Mozer's claims; it failed to act in good faith to resolve Mozer's extra expense claims even after acknowledging that at least major components of the claims were covered; it compelled Mozer to file suit to recover its extra expense claim by offering no more than $300,000 to settle claims that they jury valued at more than $1,390,000; it failed to conduct a reasonable investigation or analysis of Mozer's extra expense claim; it delayed the adjustment of Mozer's claims by requiring Mozer to repeatedly submit preliminary claim reports and then, a full year after the claim was filed, required a formal proof of loss and examination under oath; and it offered an unreasonably small amount, no more than $300,000, to resolve all of Mozer's remaining claims with no explanation whatsoever of the basis in the insurance policy or otherwise for the unreasonably low settlement offer.

        17.        In addition to the evidence introduced at trial, the Court should consider General Casualty's delays after this suit was filed. In particular, General Casualty failed and refused for months to comply with Plaintiff's initial written discovery requests, forcing Plaintiff to repeatedly seek Magistrate Judge Finnegan's assistance in compelling General Casualty to respond to discovery. (*See* Plaintiff's Motion to Compel and for Discovery Sanctions, Doc. No. 30; *see also,* Orders entered at Doc. Nos. 18, 23, 25, and 31.) Those matters culminated in Judge Finnegan entering an order sanctioning General Casualty for its failure to comply with discovery. (Doc. No. 31.)

18. Pursuant to section 155, the Court should award Mozer, in addition to all amounts awarded by the jury, Mozer's attorneys' fees and all "other costs" incurred herein, plus an additional award of $60,000, plus pre- and post-judgment interest, and such additional relief as this Court deems appropriate. 215 ILCS § 5/155.

19. Pursuant to Rule 54(d)(2)(C) of the Federal Rules of Civil Procedure, Mozer requests that the Court first decide the issue of General Casualty Company's liability for attorneys' fees and other costs before receiving submissions from Mozer on the value and amount of the fees and costs incurred.

20. Plaintiffs' Complaint, including Count V, also seeks prejudgment interest on all amounts awarded. Prejudgment interest is warranted under the Illinois Interest Act, which provides for recovery of prejudgment interest at the rate of five percent per annum for all amounts found due on any "instrument of writing." 815 ILCS 205/2. An insurance policy is an "instrument of writing" under the Interest Act. *Marcheschi v. Ill. Farmers Ins. Co.*, 298 Ill. App. 3d 306, 314 (1st Dist. 1998).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order and supplemental or amended judgment in Plaintiff's favor and against defendant General Casualty Company of Wisconsin as follows:

a. awarding Jordan Mozer & Associates an additional $60,000, as provided in Section 155(1)(b);

b. finding that Jordan Mozer & Associates is entitled to an award of its attorneys' fees and "other costs" incurred herein pursuant to Section 155(1) and providing a schedule for the submission of a fee petition specifying the amounts of attorneys' fees and costs sought;

c. awarding Jordan Mozer & Associates prejudgment interest on the jury's extra expense and lost business income awards from at least July 9, 2014, which is the date of Plaintiff's original Sworn Statement in Proof of Loss, through the date of judgment; and

d. granting such additional relief as this Court deems appropriate.

November 7, 2017                     Respectfully submitted,

By:   /s/Bradley P. Nelson
      One of the Attorneys for Plaintiff

Bradley P. Nelson
FisherBroyles LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
312.300.4005
brad.nelson@fisherbroyles.com

## CERTIFICATE OF SERVICE

      I, Bradley P. Nelson, an attorney, certify that I caused the foregoing **Notice of Motion** and **Plaintiff's Motion for Judgment on Count V Pursuant to Section 155 of the Illinois Insurance Code** to be filed with the Court's CM/ECF electronic filing system, which will cause it them to be served upon all counsel of record, on this 7th day of November, 2017.

                                                   /s/ Bradley P. Nelson